IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13-30031 |
| RASHAUD BROWN, | ) ) ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, United States District Judge.

This matter is before the Court on Defendant's Motion in Limine to exclude "other crimes" evidence under Fed. R. Evid. 404(b) and statements made by Defendant's daughter, Rashyiah Brown (d/e 17). Previously, Defendant filed a Motion to Require Notice of Government's Intent to Use "Other Crimes" Evidence (d/e 14) and a Motion to Require Notice of Government's Intent to Use at Trial Statements Allegedly Made by Defendant Rashaud Brown, Rashyiah Brown, and/or Rashaudia Brown (d/e 15). In a hearing on the Motions, the Government stated that it would not introduce "Other Crimes" evidence. The Government

filed its Response (d/e 18) to the Motion regarding Rashyiah's statements, giving notice of its intent to use statements made by Defendant's daughter, Rashyiah. The Government argues that evidence of Rashyia's statements is admissible for non-hearsay purposes or under an exception to the hearsay rule. Defendant contends the statements are hearsay and do not fall within an exception to the hearsay rule. The Court heard oral argument on the admissibility of evidence of Rashyiah's statements and the Parties submitted supplemental authority after argument (d/e 19)(d/e 20). The Court GRANTS the Motion in Limine with respect to the "Other Crimes" evidence. The Court DENIES the Motion in regards to Rashyiah's statements. Rashyiah's statements are admissible for their truth as present sense impressions and may be admissible if the Government proves they are statements of a co-conspirator. Alternatively, the statements are admissible for non-hearsay purposes.

## I. BACKGROUND

Defendant has moved to suppress two statements made by Defendant's 10 year-old daughter, Rashyiah, when she was on the phone with Defendant while she was at school in the fall of 2012. The secretary at the school allegedly heard Rashyiah make these two statements. The first statement Rashyiah allegedly made was that there was nobody around. The second statement was that "it" was in her shoe. The Government asserts that the "it" Rashyiah referred to was the crack cocaine a school social worker later discovered in Rashyiah's backpack.

## II. ANALYSIS

### 1. "Other crimes" evidence will be excluded from trial

As Defendant states in the Motion in Limine, "[a]t a hearing on August 20, 2013, AUSA Bass indicated that he did not intend to offer 'other crimes' evidence." (d/e 17, ¶ 1). Therefore, the Court grants Defendant's Motion in Limine and prohibits any "other crimes" evidence under Fed. R. of Evid. 404(b).

2. Statements made by Defendant's daughter

   A. Rashyiah's statements are admissible as present sense impressions

The Government asserts that both of Rashyiah's statements are admissible as present sense impressions. Under Federal Rule of Evidence 803(1), a present sense impression is "a statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." In order to qualify as a present sense impression, the statement must describe an event or condition without calculated narration; the speaker must have personally perceived the event or condition described; and the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter." United States v. Ruiz, 249 F.3d 643, 646 (7th Cir. 2001).

Defendant argues that Rashyiah's statements are not present sense impressions because she did not describe or explain an event or condition. However, Rashyiah's statement that nobody was around is Rashyiah's description of the room she was in, made while she perceived that condition. The statement was made contemporaneously with

Rashyiah's personal perception of the condition and satisfies the necessary elements of a present sense impression.

Furthermore, Rashyiah's statement that "it" was in her shoe described the location of "it" while Rashyiah spoke with Defendant on the phone. The location of whatever "it" was qualifies as a condition or event that Rashyiah perceived as she spoke with Defendant. Therefore, this statement is also admissible as Rashyiah's present sense impression.

### B. The Statement is Admissible as a Co-Conspirator's Statement

The Government also argues that Rashyiah's statements are admissible for their truth because they are statements by a co-conspirator. "A statement made by a member of a conspiracy is admissible pursuant to [Federal Rule of Evidence] 801(d)(2)(E) if the government proves by a preponderance of the evidence that a conspiracy existed, the defendant and the declarant were members of the conspiracy, and the statement was made during and in furtherance of the conspiracy." United States v. Villasenor, 664 F.3d 673, 681-82 (7th Cir. 2011) (citing Fed. R. Evid. 801(d)(2)(E)). To establish that a conspiracy exists, the Government must show that two or more people "'knowingly

and intentionally' joined in an agreement with another person'' to commit an act. United States v. Bey, 725 F.3d 643 (7th Cir. 2013) (citing United States v. Johnson, 592 F.3d 749, 754 (7th Cir. 2010)).

Rashyiah's statements may be admissible at trial, if the Government proves the foundational elements of Fed.R.Evid. 801(d)(2)(E).

### C. Rashyiah's Statements Are Admissible for Non-Hearsay Purposes

Although the Government may use both statements for their truth, the Government also argues that the statements have non-hearsay purposes. The Court agrees. Rashyiah's statements are admissible for the non-hearsay purposes of showing why the school secretary informed the school social worker of the secretive nature of Rashyiah's conversation with Defendant, why the social worker suspected Rashyiah of having something inappropriate at school, and why the social worker checked Rashyiah's shoes and then her backpack. See id. (stating it was not hearsay when detectives testified to minor child's statement that her mother kept drug money in a Crown Royal bag because the statement explained why a detective searched the Crown Royal bag). The

statement also explains why Defendant entered the school just minutes after speaking with Rashyiah, appeared nervous while waiting for school officials to bring Rashyiah to him, then immediately left in a hurry after he was allowed to look in Rashyiah's backpack.  <u>See</u> <u>id.</u> (upholding a decision to allow detectives to testify to minor child's statement that her mother sold drugs because the statements showed why the mother reacted by yelling at the child).  Accordingly, evidence of Rashyiah's statement is admissible for these non-hearsay purposes, and the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice.  <u>See</u> Fed.R.Evid. 403.

### III.  CONCLUSION

In conclusion, evidence of Rashyiah's statements that there was nobody around and that "it" was in her shoe are admissible for their truth as present sense impressions.  Additionally, if the Government satisfies the foundational elements, the statements may be admissible as those of a co-conspirator.  Alternatively, the statements are admissible for the non-hearsay purposes of explaining the actions of the school social worker and Defendant at Rashyiah's school.

IT IS SO ORDERED

ENTERED: September 30, 2013

FOR THE COURT:

                                              <u>s/Sue E. Myerscough</u>
                                              SUE E. MYERSCOUGH
                                          UNITED STATES DISTRICT JUDGE